UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25 CR 00044 SRC |
| | ) |
| VICTORIA ISGRIGGS, | ) |
| a/k/a "Victoria Denise Missey," | ) |
| | ) |
| Defendant. | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Victoria Isgriggs, a/k/a Victoria Denise Missey (hereinafter "defendant"), represented by defense counsel Charles J. Banks, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count Three (Wire Fraud) and Count Four (Wire Fraud) of the Indictment, the Government agrees to move for the dismissal as to the defendant of Counts One, Two, Five and Six at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's theft from her

1

employer, H.H., that occurred between November 26, 2023, and April 29, 2024, of which the Government is aware at this time.

In addition, the parties have made certain Guidelines recommendations which are set forth in Section 6 of the Guilty Plea Agreement ("Agreement"). However, the parties disagree on the application of a two-level enhancement for "Abuse of Trust" pursuant to Guidelines Section 3B1.3. The Government believes that Section 3B1.3 applies, and the defendant believes that the enhancement does not apply.

Further, either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties acknowledge that the Court is not bound by the recommendations contained herein.

The defendant also agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to the items listed in the Indictment and $11,850.00 in United States currency seized during this investigation. The defendant also agrees to the entry of a forfeiture money judgment in an amount to be determined at the time of sentencing.

### 3. ELEMENTS:

As to Counts Three and Four (Wire Fraud), the defendant admits to knowingly violating Title 18, United States Code, Section 1343, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    a. The defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

    b. The defendant acted with the intent to defraud; and

    c. That on or about April 22, 2024, and April 23, 2024, in advancing, furthering or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

The defendant was employed as an office manager and accountant at H.H., a nursery and florist located in Washington, Missouri, from approximately November 26, 2023, until April 29, 2024. Her duties included overseeing the day-to-day operations of the business office, including, but not limited to, accounts payable, accounts receivable, payroll, and invoicing. In connection with her responsibilities, the defendant had access to company bank accounts, including H.H.'s Bank of Washington account ending in 6066. The defendant was authorized to conduct H.H. business using company bank accounts but did not have signature authority on checks. The defendant was not authorized to use H.H.'s accounts for personal reasons.

The defendant acknowledges that, with respect to Counts Three and Four, she devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises, and acting with the intent to defraud, transmitted, or caused the interstate transmission of, the following fraudulent wire communications:

- On or about April 22, 2024, the defendant used Bank of Washington account 6066, owned by H.H., to make an online personal rent payment to Water Tower Apartments in the amount of $1,450.00. The payment was not authorized by H.H.

- On or about April 23, 2024, the defendant used Bank of Washington account 6066, owned by H.H. to make an online payment in the amount of $2,138.14 using an electronic check to Credit Collection Services.

The two transactions were for the defendant's personal expenses and were not authorized by H.H. The defendant acknowledges that she knowingly, and with the intent to defraud, transmitted, or caused the interstate transmission of, these fraudulent wire communications.

The parties also acknowledge the Court may consider the following as relevant conduct:

- The defendant embezzled approximately $34,934.00 from H.H.'s Bank of Washington checking account ending in 6066;

- The defendant, without authorization of H.H., applied for and received a company credit card from UMB Bank. The card ending in 8497 was linked to H.H.'s UMB account and was used by the defendant to pay for personal expenses and to make personal purchases without H.H.'s authorization. The approximate amount of fraudulent charges was $76,095.00;

- The defendant, without authorization of H.H., added herself as an authorized user of H.H.'s Lowe's commercial credit account and used that account to make personal purchases without the authorization of H.H. The approximate amount of fraudulent charges was $2,666.10;

- The defendant gained unauthorized access to five of her H.H. co-workers' company credit cards and used those cards to make personal purchases and pay for personal expenses. The approximate amount of fraudulent charges was $46,125.00; and

- The defendant engaged in the theft of wages from her employer by fraudulently authorizing an increase in her salary. The approximate amount of stolen wages was $4,635.00.

## 5. **STATUTORY PENALTIES**:

The defendant fully understands that the maximum possible penalty provided by law for Counts Three and Four (Wire Fraud) to which the defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

## 6. **U.S. SENTENCING GUIDELINES (2024 MANUAL)**:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following U.S. Sentencing Guidelines Total Offense Level provisions apply.

### a. **Chapter 2 Offense Conduct**:

**(1) Base Offense Level:** The parties agree that the base offense level is 7, as found in Section 2B1.1(a)(1)(A) and (B).

**(2) Specific Offense Characteristics:**

(a) The parties have agreed that 10 levels should be added pursuant to Section 2B1.1(b)(1)(F) because the loss amount was more than $150,000.00 but less than $250,000.00.

5

b. **Chapter 3 and 4 Adjustments:**

(1) **Abuse of Position of Trust:** The parties have not reached an agreement on whether 2 levels should be added pursuant to Section 3B1.3. The Government believes that 2 levels should be added because the defendant abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offense and reserve the right to litigate this issue at sentencing. The defendant does not believe that 2 levels should be added.

(2) **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because the defendant has clearly demonstrated acceptance of responsibility. If this deduction is applied, and if the defendant is otherwise eligible, then the Government moves to deduct one additional level pursuant to U.S.S.G. § 3E1.1(b), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2) **Adjustment for Certain Zero-Point Offenders:** If the Court determines that the defendant does not receive any criminal history points from Chapter 4, Part A, then the parties agree that two levels should be deducted under Section 4C1.1(a), because the defendant meets all of the criteria under Section 4C1.1(a)(2) through (a)(10).

**(3)** **Other Adjustments:** The parties agree that the following additional adjustments apply: None.

**c. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is either 16 if Section 3B1.3 "Abuse of Trust" applies or 14 or if Section 3B1.3 does not apply. If, however, the defendant qualifies for a two-level reduction as a "zero-point offender" under Section 4C1.1(a) following the Court's determination of the defendant's criminal history, the estimated Total Offense Level would be 14 or 12.

**d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2) Sentencing Issues:** The parties have not reached an agreement on the application of Section 3B1.3 as set forth above and may litigate that issue at sentencing. The parties agree to abide by the Court's determination of that issue and specifically waive their rights to appeal the Court's ruling resulting in the calculation of the Total Offense Level. In the event the Court accepts the plea, and after determining the Total Offense Level, sentences the defendant within or below that corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and, after determining the Total Offense Level, sentences the defendant within or above that corresponding range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

    a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

    d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

 **f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

 **g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon her interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

 The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the items listed in the Indictment. The defendant also agrees to the forfeiture of $11,850.00 in U.S. currency seized during this investigation and further agrees that the funds should be applied towards the restitution amount ultimately ordered by the Court at the time of sentencing.

Defendant also agrees to the entry of a forfeiture money judgment in an amount to be determined at the time of sentencing. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

10/6/2025
Date

Jennifer J. Roy
Assistant United States Attorney

10-6-25
Date

Victoria Isgriggs
Defendant

10-6-25
Date

Charles J. Banks
Attorney for Defendant

13